May 13th, 1912.

———o———

5561.

(Court of Appeal, Parish of Orleans.)

## LOUIS JUPITER vs. TEXAS & PACIFIC RAILWAY COMPANY.

Issues of fact only are involved herein.

Appeal from the Civil District Court, Division "A."

Wolf & Perkins, for plaintiff and appellee.

Howe, Fenner, Spencer & Cocke, defendant and appellant.

DUFOUR, J.—The defendant appeals from a judgment against it for $500.00, for damages resulting from an injury to two fingers of plaintiff's right hand alleged to have been caused by the defendant's negligence.

According to plaintiff's version of the accident, his fingers were caught by a slamming door which had been opened by the train porter to allow the passengers to get out at an approaching station. The slam was due to a sudden jerk as the train slacked up or stopped. The fact,

of the injury is corroborated by the train porter to whom the plaintiff showed his injured hand before leaving the train.

The trial Judge's conclusion of fact is thus stated by him:

"Either the defendant's porter had neglected to properly fasten the door back or the fastening lock was insufficient. In either event there was negligence on defendant's part. As a passenger, plaintiff had the right to protection from slamming doors."

He evidently believed the plaintiff and attached no importance to the studied attempt of defendant's witnesses to show that the fastenings were in good condition, the door was securely closed and the train gave no perceptible jerk.

Our examination of the record does not induce us to find fault with this conclusion.

But we think the amount allowed is too large.

The injury to plaintiff's hand is not of a permanently disabling character; his suffering was neither extreme nor of long duration; he was absent from work for about two weeks and usually earned about $1.60 per day; we think the sum of $300.00 will prove adequate compensation.

Judgment amended by reducing the allowance to plaintiff to the sum of three hundred dollars, ($300.00), and as amended, judgment affirmed, at appellee's costs in this Court.